# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLARENCE A. BRANCH, III<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>DIRECTOR OF COMMERCE, et al.,<br><br>Defendants. | Case No. 2:18-cv-00401-JAD-BNW<br><br>**ORDER** |

Pro se plaintiff Clarence A. Branch brings this lawsuit and moves to proceed *in forma pauperis*. (IFP Application (ECF No. 1).) Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Therefore, Plaintiff's request to proceed *in forma pauperis* will be granted. The court now screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.  ANALYSIS**

**A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints

and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.     Screening the complaint**

Here, Plaintiff filled out a form "Third-Party Complaint" and attached several documents to it. The documents attached to the complaint include documents from the Ninth Circuit Court of Appeals, the District of Columbia, the Southern District of New York, the United States Court of Appeals for the District of Columbia, the Northern District of California, the United States Court of Federal Claims, as well as other documents. However, it is impossible for the court to tell, from either the Third-Party Complaint or the documents attached thereto, what Plaintiff's claims are. There is not even a general indication of what claims Plaintiff is attempting to bring or the facts underlying those claims.

Even liberally construing the complaint, the court finds Plaintiff does not state a claim against any of the entities mentioned in the complaint. Plaintiff does not provide sufficient factual allegations for the court to understand which legal claims he seeks to assert against which defendants. Without additional factual allegations regarding the underlying dispute and the various entities' roles in the case, the court cannot evaluate whether Plaintiff's complaint states a claim against any defendant. Additionally, Plaintiff does not include any statement of the

grounds for the court's jurisdiction in this case. The court therefore will order dismissal of Plaintiff's complaint without prejudice for Plaintiff to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and each defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff must still give each defendant fair notice of Plaintiff's claims against it and of Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

## II. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff's complaint be dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff file an amended complaint by December 20, 2019.

DATED: November 18, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE